PER CURIAM.
Defendant appeals from the denial of his motion for post-conviction relief. For the following reasons, we reverse and remand for an evidentiary hearing.
Anthony Collins (the “Defendant”) was charged with various crimes in three separate cases on November 8,1994. On November 28,1995, the Defendant entered a plea of nolo contendere in all three cases. The trial court sentenced the Defendant in excess of the permissible range of the guideline score sheet.
On December 2, 1996, the Defendant filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. That motion alleged that counsel for the Defendant was ineffective because counsel allowed the Defendant to plead to a sentence outside of the permissible range of the guideline scoresheet. The trial *924 court judge did not hold an evidentiary hearing on the Defendant’s motion for post-conviction relief. The trial court denied the motion and this appeal ensued.
Rule 9.140 of the Florida Rules of Appellate Procedure provides, in pertinent part: “Unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing.” Fla. R.App.P. 9.140(i). The record in this case fails to justify the denial of the Defendant’s motion for post-conviction relief without an evidentiary hearing relating to whether the Defendant’s entiy of a negotiated plea was entered in a “voluntary,” “knowing,” and “intelligent” fashion. We hold that an eviden-tiary hearing is particularly appropriate in light of the fact that the Defendant agreed to a sentence which was more severe than that permitted under the relevant sentencing guidelines.
Accordingly, we reverse and remand for an evidentiary hearing.